**ORIGINAL**

# In the United States Court of Federal Claims

No. 16-547C
(Filed: October 7, 2016)

**FILED**
OCT - 7 2016
U.S. COURT OF
FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
PRENTISS B. DAVIS,

    *Plaintiff,*

v.

THE UNITED STATES,

    *Defendant.*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ORDER

Plaintiff, appearing *pro se*, filed a complaint asserting claims against the Boeing Company ("Boeing") and appealing several Washington state court decisions. Pending is defendant's motion to dismiss on jurisdictional grounds. It is fully briefed, and oral argument is deemed unnecessary. For the reasons set out below, defendant's motion is granted.

Jurisdiction is a threshold matter. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). Although plaintiff is appearing *pro se*, and *pro se* litigants are afforded latitude, that cannot excuse jurisdictional failings. *See Kelly v. U.S. Sec'y of Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("a court may not similarly take a liberal view of that jurisdictional requirement and set a different rule for *pro se* litigants only"). It is well-settled that the United States is the only proper defendant in the United States Court of Federal Claims. *Stephenson v. United States*, 58 Fed.Cl. 186, 190 (2003) ("[T]he only proper defendant for any matter before this court is the United States, not its officers, nor any other individual."). As a result, this court does not have jurisdiction over plaintiff's claims against Boeing.[1]

---

[1] In a late filing submission, plaintiff attempts to more directly tie the United
(continued...)

7011 0470 0002 5084 3556

Plaintiff also asks this court to exercise its "discretionary review" over several state court decisions. Only the Supreme Court may review state court judgments, however. 28 U.S.C. § 1257 (2012). Accordingly, this court also lacks jurisdiction to review these claims.

This court lacks jurisdiction over any claims raised by plaintiff's complaint. Defendant's motion to dismiss is granted. The Clerk of Court is directed to dismiss the complaint without prejudice and enter judgment accordingly. No costs.

ERIC G. BRUGGINK
Senior Judge

---

[1](...continued)
States to his claims. Plaintiff's claims are still fundamentally tort claims, and the Tucker Act, 28 U.S.C. § 1491(a)(1), expressly excludes tort claims from this court's jurisdiction. Additionally, none of the statutes or Constitutional provisions plaintiff relies on can be heard in this court.